## No. 32
## CLEVELAND-AKRON BUS CO. v. ROGOFF

Ohio Appeals, 9th Dist., Summit Co.

No. 1162. Decided June 18, 1926

208. COMMON CARRIERS—Allegations in petition in reference to the carrying of passengers for hire and the giving of a hand bag into the possession of the defendant Bus Company, and alleging the location of one of its termini, are sufficient to designate the defendant as a common carrier; there being no denial that defendant was a common carrier.

122. BAGGAGE—The proof of loss or injury establishes a sufficient prima facie case to put the bailee upon his defense.

FUNK, J.

Elias Rogoff sued the Cleveland-Akron Bus Co. in the Akron Municipal Court to recover $145.50 as the value of a hand bag and contents taken in charge by the Bus Co. while said Rogoff was a passenger on one of its busses, and which bag and contents said company did not return to said Rogoff on reaching Akron, it having apparently been lost or stolen.

The Company denied that the bag and contents were lost due to its negligence; and averred that an item of one ladies' wrist watch was not Rogloff's property, that the Company exercised due care in its carriage and fully performed any obligation or duty to the plaintiff in relation thereto.

The Municipal Court rendered judgment in favor of Rogoff in the sum of $116.25 and the judgment was affirmed by the Summit Common Pleas. Error was prosecuted to the Court of Appeals and it was contended that Rogoff failed to allege that the Bus Co. was a common carrier; that there must be some showing of negligence on its part and that there is no evidence of negligence in the record; and that certain articles are not articles of baggage for which it can be held liable. The Court of Appeals held:

1. The allegations in Rogoff's petition contain terms that pertain exclusively to things that are especially applicable to and are done by common carriers.

2. Moreover, the Bus Co. in its answer, does not set forth a general denial and does not deny that it is a common carrier and carries passengers for hide.

3. Furthermore, a bus company transporting passengers by motor power, is now, by special legislation, designated as a common carrier; and prohibited from operating in Ohio without a certificate of authority from the Public Utilities Commission authorizing it to be such a carrier. 614-84 GC., et seq.

4. Proof of loss or injury establishes a sufficient prima facie case to put the bailee upon his defense.

5. The court below was fully justified in drawing the inference that the handbag with its contents was missing by reason of the negligence of the Company and such a finding is not manifestly against the weight of the evidence.

6. The question as to what is properly baggage for which a passenger is entitled to recover, is generally one for the jury to decide, under all the circumstances; and in determining what is such baggage the jury may take into consideration what such passenger has been in the habit of carrying in his travels, what a person so circumstanced would ordinarily carry and that it may include articles of a reasonable amount which belong to or which were purchased for members of his family.

7. A wrist watch and silk sweater, which were in the handbag, were articles which cannot be said would not ordinarily be carried by a man on his trip home.

8. Even though the Bus Co. would not be liable as a common carrier, it is liable as a bailee for hire on a special contract.

Judgment therefore affirmed.

(Pardee, PJ., and Washburn, J., concur.)

Attorneys—C. M. Hamill and C. B. MacDonald for Company; Lahrmer & Hadley for Rogoff; all of Akron.